652

[Civ. No. 9907.   Third Dist.   Mar. 29, 1961.]

LAURA PETERSEN, Appellant, v. SOCIAL WELFARE BOARD, Respondent.

LOUISE MacKAY, Appellant, v. SOCIAL WELFARE BOARD, Respondent.

ANNIE LAURIE STEWART, Appellant, v. SOCIAL WELFARE BOARD, Respondent.

Howard B. Crittenden, Jr., for Appellants.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Respondent.

PEEK, J.—Petitioners were among the successful parties in the case of *Bertch* v. *Social Welfare Dept.*, 45 Cal.2d 524 [289 P.2d 485]. As a result of that litigation Petersen received $4,055 in blind aid warrants, Stewart received $6,177.67 and MacKay, $5,318 in old age assistance warrants as retroactive payments for assistance previously withheld. Shortly after receipt of said sums assistance payments were discontinued upon the ground that each petitioner was in possession of personal property in excess of the $1,200 statutory limit. (Welf. & Inst. Code, §§ 2163, 3047.2.) Petitioners' appeals to the respondent Social Welfare Board were denied and they thereupon sought review in the superior court. That court sustained the action of the board and their appeals to this court followed.

Petitioners' original requests for assistance arose under different sections of the Welfare and Institutions Code; that is, sections 3000 et seq. (aid to needy blind) apply to Petersen and sections 2000 et seq. (aid to needy aged) apply to Stewart and MacKay. However, the provisions of each category pertinent to this appeal are essentially the same and hence in no way affect the sole issue presented to this court. The specific question is whether or not an applicant for needy aid may possess personal property in excess of the statutory limit of $1,200, regardless of its source, and still remain eligible for assistance.

The portions of section 2163 of the code pertinent to this controversy provide in part: "No aid under this chapter shall be granted or paid to any person who owns personal property, the value of which, less all encumbrances of record, exceeds one thousand two hundred dollars ($1,200)." Section 3047.2 of the same code contains a like provision relative to applicants for blind aid.

Admittedly, each of the petitioners has funds in excess of the statutory limit. Petitioners' counsel, however, contends that the funds in the hands of petitioners are controlled by sections 2020.01 and 3080.01 of the same Code, which provide that: "Lump sum income received by a recipient which has accrued over a period of two or more months

and may be expected to be repeated in the future shall be utilized by the recipient to meet his needs. No portion thereof shall be considered as personal property.'' This contention is wholly without merit. There can be no question but that the sum paid to petitioners ''accrued over a period of two or more months,'' and it is equally without question that the record contains absolutely nothing whatever, nor does petitioners' counsel suggest anything, indicating that such lump sum payments ''may be expected to be repeated in the future.''

Counsel further contends that each petitioner is entitled (1) to benefits for the period during which assistance was unlawfully withheld, and (2) to use the money for past needs. The first portion of his contention is completely answered by the Bertch decision, *supra,* since the court held in that case that each petitioner was entitled to retroactive aid payments for the period in question. Otherwise, petitioners would have received no lump sum payments. The argument in support of the second portion appears to be that petitioners' desire to use the funds received by them in accordance with their own desires has been frustrated by threats of welfare officials that if they did so, such action would be considered as grounds for disqualification and thus their assistance payments would be stopped. Here again the record is wholly barren of any evidence to support such a charge.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 28, 1961, and appellants' petition for a hearing by the Supreme Court was denied May 24, 1961.